UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| KENNETH E MONTAGNA, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. C-11-65 |
| | § | |
| BANK OF AMERICA, NA, *et al*, | § | |
| | § | |
| Defendants. | § | |

## **ORDER**

Pending before the Court is the Plaintiffs' Motion to Remand. (D.E. 15.) For the reasons stated herein, the Plaintiffs' motion is GRANTED. The case is hereby REMANDED pursuant to 28 U.S.C. § 1447(c) to the 148 Judicial District Court of Nueces County, Texas where it is styled as Cause No. 2011-DCV-0887-E.

On March 10, 2011, Defendants Bank of America and BAC Home Loans Servicing, LP, timely filed a Notice of Removal, attempting to remove Plaintiff's state court case, filed on February 24, 2011, to this Court. The primary basis for the Court's subject matter jurisdiction was federal question pursuant to 28 U.S.C. § 1331 because in the Original Petition Plaintiff alleged violations of the Federal Fair Debt Collection Practices Act ("FDCPA"), though Defendants also contended that the Court possessed diversity jurisdiction over the action pursuant to 28 U.S.C. § 1332. (D.E. 1.)

On March 14, 2011, the Court struck the Notice of Removal because it did not contain a List of All Counsel of Record, as required by L.R. 81.6. (D.E. 5.)

On March 15, 2011, Plaintiff filed a First Amended Original Petition in state court, along with notice to opposing counsel that the amended petition had been filed. (D.E. 15, Ex. D (First

Amended Original Petition), Ex. E (Letter to Opposing Counsel)).  The First Amended Original Petition deleted the federal claim under the FDCPA and affirmatively pled that the amount in controversy was less than $50,000.00.  (D.E. 15, Ex. D.)  The First Amended Original Petition was filed at 3:03 p.m., as certified by the Nueces County District Clerk.  (D.E. 15, Ex. D.)

Also on March 15, 2011, Defendants Bank of America and BAC Home Loans Servicing, LP again filed a Notice of Removal with this Court.  (D.E. 6.)  However, the Notice of Removal did not reference or attach the Amended Original Petition.  Rather, the Notice of Removal attached only the Original Petition, containing the federal claim.  The Court's electronic filing system indicates that the Notice of Removal was filed at 3:39 p.m., over thirty minutes after the First Amended Original Petition was filed in state court.  (D.E. 6.)

In their Motion to Remand, the Plaintiffs argue that, based on these events, this Court lacks subject matter jurisdiction over the action and that the case must be remanded to state court pursuant to 28 U.S.C. § 1447(c).  (D.E. 6.)  The Court agrees.

Section 1447(c) of the removal statute states that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." § 1447(c).  "[A] complaint amended post-removal cannot divest a federal court of jurisdiction." Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 264 (5th Cir. 1995).  However, removal jurisdiction must be determined "on the basis of the state court complaint *as it exists at the time of removal*." Id. (emphasis added).  "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002) (citing Acuna v. Brown & Root, Inc., 200 F.3d 335, 339 (5th Cir. 2000)).

In this case, when the Notice of Removal was properly filed at 3:39 p.m. on March 15, 2011, there were no federal causes of action in the Plaintiff's First Amended Original Petition. (D.E. 15, Ex. D.)  Therefore, the Court lacks federal question jurisdiction under § 1331.  The Court also has no basis for exercising diversity jurisdiction under § 1332 because the First Amended Original Petition states that damages will in no event exceed $50,000.00.  (D.E. 15, Ex. D at 9, 10, 11.)  "It has long been recognized that unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith." St. Paul Reinsurance Co., Ltd. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir. 1998).  "To justify dismissal, it must appear to a legal certainty that the claim is really for less than the jurisdictional amount." Id. (internal quotation marks omitted) (emphasis added).

Accordingly, the Court GRANTS Plaintiff's motion to remand and hereby REMANDS this action pursuant to § 1447(c) to the 148 Judicial District Court of Nueces County, Texas where it is styled as Cause No. 2011-DCV-0887-E.

SIGNED and ORDERED this 6th day of April, 2011.

_____
Janis Graham Jack
United States District Judge